UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID CAMPAGNA                                              CIVIL ACTION

VERSUS

CITY OF BATON ROUGE                              NO. 26-00094-BAJ-EWD
PARISH OF EAST BATON ROUGE

<u>RULING AND ORDER</u>

Before the Court is Defendant's **Rule 12(b)(6) Motion To Dismiss (Doc. 6).** The Motion is opposed. (Doc. 10). Defendant filed a Reply Brief. (Doc. 13). For the reasons stated herein, the Motion is **GRANTED.**

## I.    BACKGROUND

This claim arises from an alleged due process violation when Defendant, City of Baton Rouge/Parish of East Baton Rouge ("City-Parish"), terminated Plaintiff who was employed as a field auditor in the Finance Department for the City-Parish since 1994. (Doc. 1 at ¶ 5). Plaintiff brings suit under 42 U.S.C. § 1983 alleging that Defendant deprived him of pre-termination and post-termination hearings in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (*Id.* at ¶¶ 1, 46-50). Plaintiff further alleges the Defendant violated his rights under Art. I, § 2 and Art. X, § 8 of the Louisiana Constitution by terminating his employment without cause. (*Id.* at ¶¶ 51-56).

Plaintiff alleges the following facts. On November 21, 2019, Plaintiff was given a performance rating of "poor" by his supervisor for the first time in his career. (Doc. 1

at ¶ 8). Plaintiff timely submitted an appeal of the evaluation to the Personnel Board. (*Id.* at ¶ 10). Per agency policy, Plaintiff was re-rated ninety days later on February 21, 2020. (*Id.* at ¶ 12). Plaintiff was again rated "poor." (*Id.*). That same day, Defendant issued Plaintiff a pre-termination notice attaching the November 21, 2019, performance review. (*Id.*). On March 3, 2020, the Department conducted a pre-termination hearing that Plaintiff asserts was in violation of due process because his pay had already been discontinued. (*Id.* at ¶¶ 13-14). On March 5, 2020, Plaintiff was then served with a termination letter, again relying on the November review. (*Id.* at ¶ 15). Plaintiff notified the Department of his intention to appeal, and a proceeding was set for March 12, 2020, to review his two performance ratings. (*Id.* at ¶ 16). The set "proceeding" was said not to be a "hearing" but more of a "request for [a] hearing." (*Id.* at ¶ 18). During the proceeding, Defendant's agents allegedly prevented Plaintiff from presenting evidence, testimony, and addressing certain arguments to help establish his *prima facie* case. (*Id.* at ¶¶ 19-27). At the end of the proceeding, the Board unanimously voted to uphold Plaintiff's performance reviews and deny Plaintiff the hearing. (*Id.* at ¶¶ 29-30).

Plaintiff then filed a Petition for Judicial Review in the 19th Judicial District Court. (*Id.* at ¶ 31). The court ruled that Plaintiff's March 12, 2020, proceeding was not conducted in accordance with City-Parish's Personnel Board Rules or the constitutional requirements of due process and reversed the Personnel Board's decision. (*Id.*). The City-Parish appealed, and on April 3, 2023, the Louisiana Court of Appeal for the First Circuit issued a decision reversing the district court's judgment

2

and ordering a full hearing by the Personnel Board on both Plaintiff's "poor" service rating and his termination. (*Id.* at ¶¶ 32-33). On December 14, 2023, Plaintiff's administrative appeal came before the Personnel Board, during which the Attorney Chairman continued the stay of the termination appeal and declined to give binding effect to the Court of Appeal's findings of fact. (*Id.* at ¶¶ 36-38). On December 18, 2023, Plaintiff again received notice that his employment was being automatically terminated with no hearing. (*Id.* at ¶ 39).

Plaintiff then allegedly sent repeated requests to Defendant including: a motion filed on May 30, 2024, requesting that his appeal be re-fixed for hearing, correspondence from Plaintiff's Counsel on August 13, 2024, requesting the matter be scheduled for hearing at the next available date, and email correspondence on January 14, 2025, requesting a telephone conference on the status of the request for scheduling. (Doc. 10 at 3). Plaintiff alleges that Defendant has not responded to any of these requests, and six years later "still has not afforded Plaintiff a constitutionally adequate post-deprivation hearing." (*Id.*; Doc. 1 at ¶ 40).

On January 23, 2026, Plaintiff filed suit in this Court under 42 U.S.C. § 1983 alleging procedural and substantive due process violations by Defendant. (Doc. 1). Defendant now moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that they are prescribed by the one-year statute of limitations. (Doc. 6-1). Plaintiff opposes the Motion, arguing that the accrual date for the limitation period is not sufficiently established by the Complaint and that the due process violation is ongoing, so the statute of limitations does not apply. (Doc. 10).

3

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted). Conclusory allegations or legal conclusions are insufficient defenses to a well-pled motion to dismiss. *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017).

4

## III.    DISCUSSION

### A. Plaintiff's Claims Are Prescribed

Defendant asks the Court to dismiss Plaintiff's claims on the sole basis that Plaintiff's due process claims were made beyond the requisite statute of limitations. (Doc. 6-1 at 2). A limitation period "guarantees the protection of the civil rights laws to those who promptly assert their rights, yet protects employers from the burden of defending claims arising from employment decisions that are long past." *Perez v. Laredo Junior Coll.,* 706 F.2d 731, 733 (5th Cir. 1983) (citing *Delaware State College v. Ricks,* 449 U.S. 250, 256–57 (1980)). For § 1983 cases, it is established that courts "should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure,* 488 U.S. 235, 250 (1989). Louisiana Civil Code Article 3492, which was in effect at the time of the relevant events in the Complaint, provides that the prescriptive period for personal injury actions is one year from the day the injury or damage is sustained.[1]

Parties disagree, however, about date the injury was sustained. Defendant argues that the relevant date of accrual for the statute of limitations is the date of Plaintiff's termination on March 5, 2020, or at the very latest, December 18, 2023, when he received another notice that his employment was being automatically terminated without hearing. (Doc. 6-1 at 2). Plaintiff does not offer an exact date that he believes his prescriptive period began but instead argues that "the Defendant's

---

[1] Act 423 of the 2024 Louisiana Regular Session repealed Civil Code Article 3492, replacing it with Civil Code Article 3493.11. The Act changes the prescriptive period for delictual actions from one-year to two-years. However, the Act is prospective for events after July 1, 2024. The relevant events in this case occurred between 2020 and 2023. (*See* Doc. 1). Thus, Plaintiff's claims are subject to the one-year prescriptive period in Article 3492.

ongoing intentional withholding of the constitutionally required post-termination hearing despite requests from May 2024 through January 2025 constitutes continuous unlawful conduct." (Doc. 10 at 6).

"Although state law governs the substantive limitation period, federal law determines when a civil rights action accrues and, therefore, when the statute of limitations begins to run." *Perez,* 706 F.2d at 733. "Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint. Thus, the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir. 1987). "[A] claim for deprivation of public employment without due process accrues on, and the statute of limitations begins to run from, the actual termination of employment." *Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980), *on reh'g,* 644 F.2d 1023 (5th Cir. 1981) (holding also that filing an administrative grievance does not toll the statutory period)).

The injury that is the basis of Plaintiff's complaint is when Defendant allegedly "terminated his employment without providing him with constitutionally sufficient pre- and post-termination processes." (Doc. 1 at ¶ 47). Plaintiff alleges that he received notice of his termination on March 5, 2020. (*Id.* at ¶ 15). Then, "[o]n December 18, 2023, Plaintiff received notice from the Personnel Board that his employment was being automatically terminated and that there would be no hearing

6

on his termination." (*Id.* at ¶ 39). Plaintiff was thus aware of his injury likely on March 5, 2020, or, at the latest, by December 18, 2023.

Plaintiff filed suit on January 23, 2026, over five years after the initial notice of termination and over two years after the notice of automatic termination with no hearing. (*See* Doc. 1). Both dates fall outside of the prescriptive period. By his own pleading, Plaintiff appears to admit that he has known of his injury for 6 years. (Doc. 1 at ¶ 40) ("[i]t has been nearly six (6) years, and Defendant still has not afforded Plaintiff a constitutionally adequate post-deprivation hearing."). Moreover, even if the date of injury was when he received final notice of his termination, Plaintiff fails to offer any explanation why he chose to wait over two years beyond that to file his Complaint. Plaintiff's claims are thus prescribed.

## B. Plaintiff's Continuing Violation Theory Fails

Plaintiff argues that his claim is preserved by the continuing violation theory, but the Court is not convinced. (Doc. 10 at 6-8). "The continuing violation theory provides that where the last act alleged is part of an ongoing pattern of *discrimination* and occurs within the filing period, allegations concerning earlier acts are not time-barred." *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 866 (5th Cir. 1993) (quoting *Curry v. United States Postal Serv.,* 583 F.Supp. 334, 342 (S.D.Ohio 1984)) (emphasis added). However, as Plaintiff admits, Courts have almost never applied this doctrine outside the area of Title VII discrimination cases. (Doc. 10 at 6); *McGregor v. La. State Univ. Bd. Of Sup'rs*, 3 F.3d 850, n.27 (5th Cir. 1993) (collecting cases).

7

Moreover, the U.S. Court of Appeals for the Fifth Circuit has been clear that "a plaintiff cannot use the continuing violation theory 'to resurrect claims about discrimination [, or in this case due process,] concluded in the past, even though its effects persist.'" *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 867 (5th Cir. 1993) (citing *Berry v. Board of Supervisors of L.S.U.,* 715 F.2d 971 (5th Cir.1983)). The alleged unlawful act must "result[] from the *overt acts* of the defendants, not from the mere continuation of [the alleged harm]." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987) (emphasis added).

Here, Plaintiff has not alleged any overt acts by Defendants beyond his notice of termination without hearing in December 2023. Plaintiff claims that he sent "repeated requests to have [his] appeal set for hearing" after his termination, but that all went unanswered by Defendant. (Doc. 10 at 3). Plaintiff even admits that "there has been no explicit denial" of these requests by Defendant and that this failure to respond "constitutes administrative inaction." (*Id.* at 3, 7). This cannot be deemed an overt and continuing act by the Defendant then, as Plaintiff alleges. Rather, the agency's continued lack of response to Plaintiff's correspondence is passive. The Court concludes, as have other courts,[2] that such passive inaction cannot serve to extend the date of injury.

---

[2] "Passive inaction does not support a continuing violation theory." *Eidson v. Tenn. Dep't of Child. Servs.*, 510 F.3d 631, 635 (6th Cir. 2007); *see also Thompson v. Kandulski*, 2025 WL 2377667, at *7 (E.D. Mich. Apr. 18, 2025), *report and recommendation adopted*, 2025 WL 2170343 (E.D. Mich. July 31, 2025) (finding that injuries based on a state actor's failure to take certain actions are, "at most, a continuing ill *effect* of [those] decision[s], not a continuing unlawful *act*." (quoting *Glenn v. Corizon Healthcare, Inc.*, 2019 WL 5800083 (E.D. Mich. July 8, 2019), *report and recommendation adopted,* 2019 WL 4565115 (E.D. Mich. Sept. 20, 2019)) (emphasis in original)).

### C. Plaintiff's Motion To Amend Is Futile

In the alternative, Plaintiff requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. 10 at 9). Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." However, leave to amend is not required where the amendment would be futile. *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). Futility exists where the amendment would fail to survive a Rule 12(b)(6) motion. *Id.* Plaintiff requests to amend his Complaint to add the dates of correspondence Plaintiff allegedly sent to Defendant in which he requests a post-termination hearing. (Doc. 10 at 3). These additions would not cure the Complaint's deficiency with respect to prescription of the claims, though, because, as discussed above, they do not allege any action on the part of Defendant that could constitute a due process violation. The alleged injury that forms the basis of Plaintiff's Complaint was his termination without hearing, of which he was made aware on March 5, 2020, or at the latest on December 18, 2023. Plaintiff's claims have prescribed. Thus, a complaint amended with these additional facts would still not survive the Rule 12(b)(6) motion, and amendment would be futile.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Rule 12(b)(6) Motion To Dismiss (Doc. 6)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this ____4th____ day of August, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

10